UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

LORENZO McGRIFF,

                Petitioner,

      -against-

JAMES BERBERY,

                Respondent.
―――――――――――――――――――――X

**MEMORANDUM AND ORDER**
Civil Action No.
CV-06-0561 (DGT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 21 2006 ★
BROOKLYN OFFICE

TRAGER, J.:

On January 27, 2006, petitioner, appearing *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his June 28, 1993 conviction on counts of murder, attempted murder, and weapons possession. For the reasons set forth below, the Court stays the instant petition pending the resolution of an appeal brought by petitioner in the United States Court of Appeals for the Second Circuit.

Procedural Background

Petitioner first challenged his 1993 conviction in this Court pursuant to a writ of habeas corpus in 2000. See McGriff v. Berbery, No. 00-CV-1992 (DGT) (E.D.N.Y.). By order dated January 15, 2002, this Court dismissed the petition as time-barred. Id., slip op. at 2 (E.D.N.Y. Jan. 15, 2002). On February 6, 2002, petitioner filed a notice of appeal of the dismissal of his petition in the United States Court of Appeals for the Second Circuit. See McGriff v. Berbery, No. 02-2076 (2d Cir.). The Second Circuit dismissed the appeal without prejudice to the appeal being reinstated within thirty days from the entry of an order by the district court judge granting or denying a certificate of appealability. Id. (Mandate of Feb. 12, 2002). The case was remanded

to this Court, and on May 17, 2005, this Court denied petitioner a certificate of appealability.[1] McGriff, No. 00-CV-1992 (DGT) (E.D.N.Y. May 17, 2005). The appeal was then reinstated in the Second Circuit on June 15, 2005, where it is currently pending. See McGriff, No. 02-2076 (2d Cir.).

Prior to this Court's May 17, 2005 denial of his request for a certificate of appealability, McGriff filed a motion to file a second or successive habeas petition in the Second Circuit on October 13, 2004. See McGriff, No. 04-5275-op (2d. Cir.). By order dated July 11, 2005, the Second Circuit denied petitioner's motion but transferred the petition to this Court for further proceedings. Id. (Mandate of July 11, 2005). In transferring the petition, the court noted that McGriff's 2000 petition was on appeal in the Second Circuit, and, citing its recent ruling in Whab v. United States, 408 F.3d 116 (2d Cir. 2005), the court denied his motion as "unnecessary," because "appellate proceedings pertaining to the first § 2254 petition remain pending." Id. However, this Court never received the transferred petition, and the instant petition filed on January 27, 2006 is the only pending petition filed by petitioner in this Court.

Discussion

As petitioner's challenge to his 1993 conviction was on appeal in the Second Circuit at the time of the filing of the instant petition, see McGriff, No. 02-2076 (2d Cir.), the instant petition is properly before this Court. See Whab, 408 F.3d at 119 (when original petition has not

---

[1] While petitioner's request for a certificate of appealability was pending in this Court, he filed another habeas petition in this Court challenging the same conviction on November 29, 2002. See McGriff v. Giambruno, No. 02-CV-6363 (DGT) (E.D.N.Y.). On December 16, 2002, this Court transferred the petition to the Second Circuit pursuant to 28 U.S.C. § 2244 (b)(3)(A), which provides that before a "second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id., slip op. at 1-2 (E.D.N.Y. Dec. 16, 2002). The Second Circuit denied petitioner leave to file a second or successive petition on October 31, 2003, and the matter was closed. McGriff v. Giambruno, No. 02-3660-op (2d Cir.) (Mandate of Oct. 31, 2003).

2

been fully adjudicated, subsequent petition should be filed directly in district court, and it is appropriate for Court of Appeals to transfer petition improperly filed before it to district court for whatever action is appropriate). Nevertheless, it would be premature for the Court to consider the merits of the instant petition at this time, as disposition of the appeal in petitioner's favor would render the instant petition unnecessary. Therefore, the Court shall stay the instant petition until the Second Circuit rules on petitioner's appeal under docket number 02-2076.

Conclusion

Accordingly, the Court hereby stays the instant petition for the reasons set forth above. No answer shall issue at this time and all further proceedings shall be stayed until the Second Circuit has ruled on petitioner's appeal under docket number 02-2076. The Court hereby directs petitioner to inform the Court as to the outcome of his appeal in the Second Circuit. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                              s/David G. Trager
                                                            David G. Trager
                                                            United States District Judge

Dated: June 16, 2006
Brooklyn, New York